2/18/2016 5:56:39 PM
Chris Daniel - District Clerk Harris County
Envelope No. 9193508
By: Krystal Franklin
Filed: 2/18/2016 5:56:39 PM

NO. _____

| | | |
|---|---|---|
| JORGE CEDILLO AND CHRISTINE CEDILLO<br>　　Plaintiffs, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | \_\_\_\_\_ JUDICIAL DISTRICT |
| LIBERTY MUTUAL INSURANCE COMPANY and<br>MARSHALL LEE DRAKE<br>　　Defendants. | §<br>§<br>§<br>§<br>§ | HARRIS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND INITIAL WRITTEN DISCOVERY REQUESTS

Pursuant to the Texas Rules of Civil Procedure, Plaintiffs, Jorge Cedillo and Christine Cedillo, file this Original Petition and Initial Written Discovery Requests, complaining of the acts and omissions of Defendants, Liberty Mutual Insurance Company and Marshall Drake, and, in support, respectfully shows the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.  This case is intended to be governed by Discovery Level 2.

### II.
### PARTIES & SERVICE

2.  Jorge Cedillo and Christine Cedillo ("Plaintiffs") reside in Harris County, Texas.

3.  Defendant Liberty Mutual Insurance Company ("LIBERTY MUTUAL") is an insurance company doing business in Texas that may be served by service through its Registered Agent, Corporation Service Company, 211 East 7th Street Suite 620, Austin TX 78701-3218.

4.  Defendant, Marshall Lee Drake ("Drake"), is an individual who assisted with adjusting the claim at issue and is a resident of the State of Texas. This Defendant may be served with process at 2368 East Co Rd 100 N, Paoli, IN 47454 or wherever he may be found.



DEFENDANT'S EXHIBIT A

## III.
## JURISDICTION & VENUE

5. This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

6. Plaintiffs prefer to have the jury determine the fair amount of compensation for Plaintiffs' damages, it is early in the case to be assessing the full nature and scope of Plaintiffs' damages, and Plaintiffs place the decision regarding the amount of compensation to be awarded in the jury's hands. Rule 47 of the Texas Rule of Civil Procedure, however, *requires* Plaintiffs to provide a statement regarding the amount of monetary relief sought. Accordingly, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs seek monetary relief between $100,000.00 and $500,000.00.

7. Venue is proper in Harris County, Texas because the insured property is situated in Harris County, Texas and/or the contract was signed in Harris County, Texas. Tex. Civ. Prac. & Rem. Code § 15.002.

## IV.
## FACTS

8. Plaintiffs are named insured under a property insurance policy (the "Policy") issued by LIBERTY MUTUAL. The Policy insures, among other things, against losses from wind and hail damage to Plaintiff's property, namely, the real property and improvements located 13927 Blazey Dr., Houston, TX 77041 (the "Property").

9. On or about April 19, 2015, during the policy period, a storm caused covered damage to the Subject Property. Specifically, the storm damaged Plaintiffs' roof.

10. Shortly after the storm, plaintiffs noticed damage to their home. They contacted LIBERTY MUTUAL by telephone to notify LIBERTY MUTUAL of the damage.

11. Plaintiffs submitted a claim to LIBERTY MUTUAL against the Policy for all roof damage, structural damage, water damage, and wind damage the Property sustained as a result of the storm.

12. Plaintiffs asked LIBERTY MUTUAL to honor its contractual obligations and cover the cost of repairs to Plaintiffs' home.

13. LIBERTY MUTUAL assigned Defendant Drake to adjust the Claim. Defendants LIBERTY MUTUAL and Drake conducted a substandard investigation of Plaintiffs' claim, failed to thoroughly investigate Plaintiffs' losses, and spent an inadequate amount of time on the investigation.

14. Despite obvious visible wind damage and multiple indentations in the roof caused by wind and hail, Drake, on his own behalf and on behalf of LIBERTY MUTUAL, verbally misrepresented to the Plaintiffs at the time of the inspection that there was minimal damage to their property. Although Plaintiffs had interior damages, including but not necessarily limited to, garage door, fence, den, breakfast area, and kitchen as a result of the wind and hail storm, Defendant Drake misrepresented, on his own behalf to Plaintiffs that the damage to the roof that allowed the water to leak into multiple areas of their home was minimal. Drake then misrepresented, again on his own behalf and on behalf of LIBERTY MUTUAL in a letter to Plaintiffs dated April 30, 2015 that Plaintiffs' home had sustained minor damage.

15. Together, Defendants LIBERTY MUTUAL and Drake set out to deny properly covered damages by performing a results-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

16. Defendant LIBERTY MUTUAL failed to perform its contractual obligation to adequately compensate Plaintiffs under the terms of the Policy. All conditions precedent to recovery upon the Policy have been performed by Plaintiffs. LIBERTY MUTUAL's conduct constitutes a breach of the insurance contract between LIBERTY MUTUAL and Plaintiffs.

17. Even though Plaintiffs' home sustained obvious damages caused by a covered occurrence, Defendants misrepresented to Plaintiffs that the Policy did provide coverage for some of the damage, thus falsely claiming Plaintiffs' home had not been damaged. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

18. Defendants failed to make an attempt to settle Plaintiffs claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

19. Defendants refused to adequately compensate Plaintiffs under the terms of the Policy even though they failed to conduct a reasonable investigation of the claim. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

20. Defendants failed to provide Plaintiffs with a reasonable explanation for the denial of their claim. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

21. Defendant LIBERTY MUTUAL failed to timely acknowledge Plaintiffs' claim, begin an investigation of the claim, and request all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of the claim. This conduct violated the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

22. Defendant LIBERTY MUTUAL failed to accept Plaintiffs' full and entire claim within the statutorily mandated time of receiving all the necessary information. This conduct was a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

23. Defendant LIBERTY MUTUAL has delayed payment of Plaintiffs' claim longer than allowed, and, to date, Plaintiffs have not received any payment for their claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

24. Since the time Plaintiffs' claim was presented to Defendant LIBERTY MUTUAL, the liability of LIBERTY MUTUAL to pay the full claim in accordance with the terms of the Policy has been reasonably clear. Nevertheless, LIBERTY MUTUAL has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the claim. This conduct is a violation of LIBERTY MUTUAL's duty of good faith and fair dealing.

25. All Defendants knowingly or recklessly made false representations, as described above, as to material facts. Alternatively, all Defendants knowingly concealed all or part of material information from Plaintiffs.

26. To date, Plaintiffs have yet to receive full payment for the damages to which Plaintiffs are entitled under the Policy. Plaintiffs have suffered damages as a result of the Defendants' actions described above. The mishandling of Plaintiffs' claim also caused a delay in Plaintiffs' ability to fully repair the Property, resulting in additional damages.

## V.
## CAUSES OF ACTION

**A.  Breach of Contract (Against LIBERTY MUTUAL)**

27. Defendant LIBERTY MUTUAL had a contract of insurance with Plaintiffs. Plaintiffs met or performed all conditions precedent under the contract. LIBERTY MUTUAL

breached the terms of that contract by wrongfully denying the claim and Plaintiffs were damaged thereby.

28. Defendant LIBERTY MUTUAL is therefore liable to Plaintiffs for breach of contract.

**B.   Prompt Payment of Claims Statute (Against LIBERTY MUTUAL)**

29. The Claim is a claim under an insurance policy with Defendant LIBERTY MUTUAL, of which Plaintiffs gave LIBERTY MUTUAL proper notice, causing LIBERTY MUTUAL to be liable for the Claim.

30. Defendant LIBERTY MUTUAL violated the prompt payment of claims provisions of the Texas Insurance Code, namely, section 542.051 *et seq.*, by:

   a. Failing to acknowledge or investigate the claim or to request from Plaintiffs all items, statements, and forms LIBERTY MUTUAL reasonably believed would be required within the time constraints provided by Tex. Ins. Code § 542.055;

   b. Failing to notify Plaintiffs in writing of its acceptance or rejecting of the Claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or

   c. Delaying payment of the Claim following LIBERTY MUTUAL's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

31. Defendant LIBERTY MUTUAL is therefore liable to Plaintiffs for damages. In addition to Plaintiffs' claim for damages, Plaintiffs are further entitled to 18% interest and attorneys' fees as set forth in section 542.060 of the Texas Insurance Code.

C. **Unfair Settlement Practices/Bad Faith (Against All Defendants)**

32. Each of the foregoing paragraphs is incorporated by reference in the following.

33. As explained further herein, Defendants violated Tex. Ins. Code § 541.060(a) by engaging in unfair settlement practices.

**Defendant LIBERTY MUTUAL**

34. Defendant LIBERTY MUTUAL engaged in unfair settlement practices by:

   a. misrepresenting to Plaintiffs a material fact or policy provision relating to the coverage at issue;

   b. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after LIBERTY MUTUAL's liability had become reasonably clear;

   c. failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

   d. failing within a reasonable time to affirm or deny coverage of a claim to Plaintiffs or submit a reservation of rights to Plaintiffs; and

   e. refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

35. Each of the aforementioned unfair settlement practices was committed knowingly by Defendant LIBERTY MUTUAL and was a producing cause of Plaintiffs' damages. LIBERTY MUTUAL is therefore liable to Plaintiffs for engaging in such unfair settlement practices and causing Plaintiffs' damages.

**Defendant Drake**

36. Defendant Drake was a contractor and/or adjuster assigned by Defendant LIBERTY MUTUAL to assist with adjusting the Claim. Defendant Drake was charged with investigating the Claim and communicated with Plaintiff about the Policy terms. Insurance adjusters are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, *et seq.*, and are individually liable for violations of the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998).

37. Defendant Drake was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiffs' Claim, including the discovery of covered damages and fully quantifying covered damages to Plaintiffs' Property.

38. Defendant Drake conducted a substandard, results-oriented inspection of the Subject Property. As such, Drake failed to discover covered damages and/or fully quantify covered damages to Plaintiffs' Property, as required by the Policy and Texas law.

39. Further, Defendant Drake misrepresented material facts to Plaintiffs, that is, the existence and true value of Plaintiffs' covered losses. Additionally, Drake failed to provide Plaintiffs with a reasonable explanation as to why LIBERTY MUTUAL was not compensating Plaintiffs for the covered losses, or the true value thereof.

40. Thus, Defendant Drake engaged in unfair settlement practices by:

   a. misrepresenting to Plaintiffs a material fact or Policy provision relating to the coverage at issue;

   b. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after LIBERTY MUTUAL's liability had become reasonably clear;

  c. failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for LIBERTY MUTUAL's denial of a claim or offer of a compromise settlement of a claim; and/or

  d. failing to conduct a reasonable investigation of Plaintiffs' Claim.

41. Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Drake and was a producing cause of Plaintiffs' damages. Drake is therefore liable to Plaintiffs for engaging in such unfair settlement practices and causing Plaintiffs' damages.

**D. DTPA (Against All Defendants)**

42. Each of the foregoing paragraphs is incorporated by reference here fully.

43. At all material times herein, Plaintiffs were "consumers" who purchased insurance products and services from Defendants, and the products and services form the basis of this action.

44. Defendants have violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

  e. Defendants represented the Policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

  f. Defendants represented goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities they do not have;

  g. Defendants failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiffs into a transaction Plaintiffs would not have entered into had the information been disclosed;

h. Defendants, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action prohibited by DTPA § 17.50(a)(1)(3) in that Defendants took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, resulting in a gross disparity between the consideration paid in the transaction and the value received, all in violation of Chapter 541 of the Insurance Code;

i. Generally engaging in unconscionable courses of action while handling the claim; and/or

j. Violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

45. As a result of Defendants' violations of the DTPA, Plaintiff suffered actual damages, and such violations were a producing, actual, and proximate cause of Plaintiffs' damages. Therefore, Defendants are liable to Plaintiffs for violations of the DTPA.

46. Further, Defendants knowingly and/or intentionally committed the acts complained of herein. As such, Plaintiffs are entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**E.   Breach of Duty of Good Faith and Fair Dealing (Against Liberty Mutual Insurance Company)**

47. Defendant LIBERTY MUTUAL breached the common law duty of good faith and fair dealing owed to Plaintiffs by denying or delaying payment on the Claim when LIBERTY MUTUAL knew or should have known liability was reasonably clear. LIBERTY MUTUAL's conduct proximately caused Plaintiffs' damages.

48. Defendant LIBERTY MUTUAL is therefore liable to Plaintiffs.

**F.     Attorneys' Fees**

49. Plaintiffs engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

50. Plaintiffs are entitled to reasonable and necessary attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

51. Plaintiffs are additionally or alternatively entitled to recover reasonable and necessary attorneys' fees pursuant to Tex. Bus. & Com. Code § 17.50(d).

52. Plaintiffs are additionally or alternatively entitled to recover reasonable and necessary attorneys' fees pursuant to sections 541.152 and 542.060 of the Texas Insurance Code.

## IX.
## CONDITIONS PRECEDENT

53. All conditions precedent to Plaintiffs' right to recover have been fully performed, or have been waived by Defendants.

## X.
## JURY TRIAL DEMAND

54. Plaintiffs demand a jury trial of this cause, and has or will tender the appropriate jury fee.

## XI.
## DISCOVERY REQUESTS

55. Pursuant to Rule 194, all Defendants are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

56. All Defendants are also requested to respond to the attached discovery requests within fifty (50) days in accordance to the instructions contained therein.

## XII.
## NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

57. Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiffs hereby gives notice of Plaintiffs' intent to use all discovery instruments produced in this case at trial. Such discovery instruments include, but are not limited to, all documents Defendants have or will produce in response to Plaintiffs' written discovery requests.

## XIII.
## CONCLUSION & PRAYER

For these reasons, Plaintiffs pray that citations be issued and, upon final hearing of the case, Plaintiffs recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and Plaintiffs be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

*/s/ Bryant Fitts*

Bryant Fitts
Texas State Bar No. 24040904
bfitts@fittslawfirm.com
Carla Delpit
Texas State Bar No. 24082183
cdelpit@fittslawfirm.com
FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.871.1670
Facsimile 713.583.1492

**ATTORNEYS FOR PLAINTIFFS**



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

HZC / ALL
Transmittal Number: 14901727
Date Processed: 03/11/2016

| | |
|---|---|
| **Primary Contact:** | Bruce Buttaro<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02117 |
| **Entity:** | Liberty Mutual Insurance Company<br>Entity ID Number 1765547 |
| **Entity Served:** | Liberty Mutual Insurance Company |
| **Title of Action:** | Jorge Cedillo vs. Liberty Mutual Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, Texas |
| **Case/Reference No:** | 201610536 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 03/11/2016 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Carla Delpit<br>713-871-1670 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

Received 3-9-16 @ 11:00 AM   Delivered: 3-11-16 @ 12:40 pm

CAUSE NO. 201610536

RECEIPT NO. 0.00   ATY
**********          TR # 73219721

PLAINTIFF: CEDILLO, JORGE
vs.
DEFENDANT: LIBERTY MUTUAL INSURANCE COMPANY

In The   152nd
Judicial District Court
of Harris County, Texas
152ND DISTRICT COURT
Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: LIBERTY MUTUAL INSURANCE COMPANY MAY BE SERVED BY SERVING
THROUGH ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
211 EAST 7TH STREET SUITE 620   AUSTIN TX 78701 - 3218
Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND INITIAL DISCOVERY REQUESTS

This instrument was filed on the 18th day of February, 2016, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
This citation was issued on 24th day of February, 2016, under my hand and seal of said Court.

Issued at request of:
DELPIT, CARLA R
2700 POST OAK BLVD SUITE 1120
HOUSTON, TX 77056
Tel: (713) 871-1670
Bar No.: 24082183

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: COLLINS, IRIS TROISHA   IKS//10313749

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

_____
_____ of _____ County, Texas

By _____
Deputy

_____
Affiant

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
Notary Public

N.INT.CITR.P                    *73219721*

4/4/2016 11:35:41 AM
Chris Daniel - District Clerk Harris County
Envelope No. 9928083
By: KATINA WILLIAMS
Filed: 4/4/2016 11:35:41 AM

CAUSE NO. 201610536

RECEIPT NO.                0.00      ATY
\*\*\*\*\*\*\*\*\*\*                       TR # 73219723

PLAINTIFF: CEDILLO, JORGE                      In The 152nd
      vs.                                                  Judicial District Court
DEFENDANT: LIBERTY MUTUAL INSURANCE COMPANY    of Harris County, Texas
                                                            152ND DISTRICT COURT
                                                            Houston, TX

CITATION (NON-RESIDENT)

THE STATE OF TEXAS
County of Harris

TO: DRAKE, MARSHALL LEE
     OR WHEREVER HE MAY BE FOUND

     2368 EAST CO RD 100 N    PAOLI IN 47454

     Attached is a copy of **PLAINTIFF'S ORIGINAL PETITION AND INITIAL DISCOVERY REQUESTS**

This instrument was filed on the <u>18th day of February, 2016</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

     This citation was issued on 24th day of February, 2016, under my hand and seal of said Court.

Issued at request of:                          CHRIS DANIEL, District Clerk
DELPIT, CARLA R                            Harris County, Texas
2700 POST OAK BLVD SUITE 1120        201 Caroline, Houston, Texas 77002
HOUSTON, TX 77056                       (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 871-1670
Bar No.: 24082193                          Generated By: COLLINS, IRIS TROISHA   IKS//10311749

STATE OF <u>Indiana</u>

County of <u>Crawford</u>         OFFICER/AUTHORIZED PERSON RETURN

PERSONALLY APPEARED before me, the undersigned authority, _____
who being by me duly sworn, deposes and says that in the County of <u>Crawford</u>
State of <u>Indiana</u> _____ he delivered to the within named defendants in person at the
following times and places to wit:

| NAME | DATE | | | TIME | | PLACE |
|------|------|---|---|------|---|-------|
| | MONTH | DAY | YEAR | HOUR | MIN | |
| Marshall Lee Drake | | | 2016 | | | 1644 W. State Rd. 64<br>English, IN 47118 |

a true copy of this notice, with a copy of: Plaintiff's Original Petition and Initial Discovery Requests

accompanying same; and further, that he is an adult and is in no manner interested in this suit and is the person competent to make oath of the fact.

                                                              Affiant/Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____

                                                       Notary Public

**CRAWFORD CO SHERIFF DEPT**

**MAR 2 8 2016**

N.INT.CITN.P                        \*73219723\*

## RETURN OF SERVICE BY SHERIFF

certify that on (date) 3-28-16, at (time) 12:40 pm, I served a copy of the foregoing pleading(s):

✓ by Personal Service: leaving a copy of the papers with him/her personally. I certify that I exercised due diligence as follows:

Attempted Date                     Attempted Time

_____     _____

_____     _____

_____     _____

____ by leaving a copy of summons & complaint at the address provided on said papers, and sending by First Class Mail a copy of the summons to the last known address of the person being served.

____ by Substitute Service: leaving a copy of the papers with a competent member of the family, who was at least fourteen (14) years of age, or a competent adult resident of the address and informing the recipient of the contents. (Fill in name & age of person served)_____

Reason for non-service

____ moved                          ____ wrong address
____ deceased                       ____ refused
____ residence vacant               ____ no such address
____ no such person
____ other_____

Charles W. McDaniel
Crawford County Sheriff

Served by: Roy Phillips 13-R13
Date: 3-28-16

Tammy Mills
Notary

3/21/2016 2:27:52 PM
Chris Daniel - District Clerk Harris County
Envelope No. 9706503
By: SALENE SMITH
Filed: 3/21/2016 2:27:52 PM

CAUSE NO. 201610536

RECEIPT NO. 0.00 ATY
********** TR # 73219721

| | |
|---|---|
| PLAINTIFF: CEDILLO, JORGE<br>vs.<br>DEFENDANT: LIBERTY MUTUAL INSURANCE COMPANY | In The 152nd<br>Judicial District Court<br>of Harris County, Texas<br>152ND DISTRICT COURT<br>Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: LIBERTY MUTUAL INSURANCE COMPANY MAY BE SERVED BY SERVING
THROUGH ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
211 EAST 7TH STREET SUITE 620 AUSTIN TX 78701 - 3218
Attached is a copy of **PLAINTIFF'S ORIGINAL PETITION AND INITIAL DISCOVERY REQUESTS**

This instrument was filed on the 18th day of February, 2016, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
This citation was issued on 24th day of February, 2016, under my hand and seal of said Court.

Issued at request of:
DELPIT, CARLA R
2700 POST OAK BLVD SUITE 1120
HOUSTON, TX 77056
Tel: (713) 871-1670
Bar No.: 24082183

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: COLLINS, IRIS TROISHA IKS//10313749

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 11:00 o'clock A .M. on the 9th day of March, 2016.
Executed at (address): 211 East 7th Street, Suite 620, Austin, TX 78701 in
Travis County at 12:40 o'clock P .M., on the 11th day of March,
2016, by delivering to Liberty Mutual Insurance Company* defendant, in person, a
*by delivering to its registered agent, Corporation Service Company, where the document was accepted by Sue Vertrees, authorized agent
true copy of this Citation together with the accompanying 1 copy(ies) of the Petition
(Plaintiff's Original Petition and Initial Discovery Request)
attached thereto and endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this 18th day of March, 2016.

Corin Sparre SCH5625 Exp. 9/30/18

FEE: $ _____                                    of _____ County, Texas

_____                           By _____
Affiant                                              Deputy

On this day, **Corin E. Sparre**, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this 18th day of May, 2016.

(Notary seal: DANIEL KWEKU MARTEY, NOTARY PUBLIC, STATE OF TEXAS, NOTARY ID 12931429-5, 3/8/2017)

*73219721*